## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **SMARTFLASH LLC, and** | § | |
| **SMARTFLASH TECHNOLOGIES** | § | |
| **LIMITED,** | § | |
| | § | |
| **Plaintiffs,** | § | **Civil Action No. 6:15-cv-145** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **APPLE INC.** | § | |
| | § | |
| **Defendants.** | | |

### PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Smartflash LLC and Smartflash Technologies Limited file this Complaint against Defendant Apple Inc. for patent infringement under 35 U.S.C. § 271 and allege, based on their own personal knowledge with respect to their own actions and based upon information and belief with respect to all others' actions, as follows:

### THE PARTIES

1.      Plaintiff Smartflash LLC is a limited liability corporation organized and existing under the laws of the State of Texas, and maintains its principal place of business at 100 E. Ferguson, Suite 406, Tyler, Texas, 75702.  Smartflash LLC maintains a website at www.smartflashllc.com.

2.      Plaintiff Smartflash Technologies Limited is a limited company organized and existing under the laws of the British Virgin Islands, and maintains a principal place of business on the island of Tortola.

3.     Defendant Apple Inc. ("Apple") is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple has designated CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has personal jurisdiction over Apple. Apple conducts business and has committed acts of patent infringement and/or have induced acts of patent infringement by others in this district and/or have contributed to patent infringement by others in this district, the State of Texas, and elsewhere in the United States.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this district, has regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## PATENTS-IN-SUIT

6.     On February 26, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,334,720 (the "'720 patent") entitled "Data Storage and Access Systems."

7.     On May 17, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,942,317 (the "'317 patent") entitled "Data Storage and Access Systems."

8.      On October 11, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,033,458 (the "'458 patent") entitled "Data Storage and Access Systems."

9.      On November 22, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,061,598 (the "'598 patent") entitled "Data Storage and Access Systems."

10.     On February 21, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,118,221 (the "'221 patent") entitled "Data Storage and Access Systems."

11.     On December 25, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,336,772 (the "'772 patent") entitled "Data Storage and Access Systems."

12.     On August 5, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,794,516 (the "'516 patent") entitled "Data Storage and Access Systems."

13.     Smartflash LLC, together with Smartflash Technologies Limited,[1] owns all rights, title, and interest in and to the '720, '317, '458, '598, '221, '772, and '516 patent (the "patents-in-suit") and possesses all rights of recovery.

14.     Smartflash incorporates the patents-in-suit herein by reference.

## FACTUAL ALLEGATIONS

15.     The patents-in-suit generally cover devices, methods, and systems for transmitting, retrieving, downloading, storing, and accessing content, content information, DRM data,

---

[1]  Smartflash Technologies Limited joins as a co-plaintiff in this lawsuit only to avoid a dispute as to whether it should be added for standing purposes.

payment data, and supplementary data.  For example, some of the claims in the patents-in-suit cover devices that retrieve data, store data, and manage access to the data via payment information and/or use rules.  As another example, some of the claims in the patents-in-suit cover a computer system (*e.g.*, one or more connected servers) or a supply server that transmits content or data to requesters.

16.    In or around the year 2000, Patrick Racz, one of the co-inventors of the patents-in-suit, met with various personnel of Gemplus (now Gemalto S.A.) to discuss the technology claimed in the patents-in-suit. Mr. Augustin Farrugia was one of the people at Gemplus who learned of the technology of the patents-in-suit.

17.    Mr. Farrugia subsequently joined Apple and is currently a Senior Director at Apple Inc.

18.    On February 24, 2015, a jury determined that Apple willfully infringed claim 13 of the '720 patent, claim 32 of the '221 patent, and claims 26 and 32 of the '772 Patent.

19.    iTunes is an Apple application that supports the purchase, download, organization and playback of digital audio and video files and is available for both Mac and Windows-based computers.

20.    iTunes Store is an Apple service that allows customers to discover, purchase, rent, and download applications and other digital content.

21.    iTunes is integrated with the iTunes Store.

22.    Apple sells and delivers digital content and applications through the iTunes Store, which includes Apple's App Store and iBookstore.

23.    Apple's end-user customers can use the App Store app on their portable Apple devices, such as the iPhone, iPad, iPad Mini and iPod Touch, to purchase and download digital content and applications.

24.     An application developer or publisher can use Apple's in-application payment functionality to collect payment for enhanced functionality or additional content usable by the application.

25.     Apple provides its in-application payment functionality through its Store Kit framework.

26.     Apple's Store Kit connects to the App Store on behalf of an application to securely process payments from the user.

27.     Apple's Store Kit prompts the user to authorize the payment and then notifies the application that called Store Kit so that the application can provide items the user purchased.

28.     An application developer or publisher can use Apple's iAd advertising platform to deliver ads to users.

29.     Apple sells the ads through its iAd advertising platform and serves such ads to iAd enabled apps.

30.     Apple provides its iAd advertising platform through its iOS SDK.

31.     Apple provides its iAd advertising platform through its iAd Creative Toolkit.

32.     Apple provides its iAd advertising platform through its iAd Bundle Development Kit.

33.     Apple has committed and continues to commit acts of infringement under 35 U.S.C. § 271 with (i) its iPhone 6, the iPhone 6+,  iPad mini 3, and iPad Air 2 devices containing any version of iTunes that can access the iTunes Store and/or any version of the the App Store app; and (ii) Apple's internal servers, including those involved in operating Apple's iTunes Store, including Apple's App Store, as well as Apple's servers involved in Apple's in-application payment functionality or availability of iTunes Store, App Store, or content via iCloud as well as Apple's servers involved in Apple's iAd Network

(collectively referred to as "Apple's Accused Instrumentalities").  In committing these acts of infringement, Apple acted despite an objectively high likelihood that its actions constituted infringement of at least one valid patent, and Apple actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable patent.

### COUNT ONE: PATENT INFRINGEMENT BY APPLE INC.

34.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

35.     As described below, Apple has infringed and continues to infringe the patents-in-suit.

36.     Apple's Accused Instrumentalities meet claims of the patents-in-suit.

37.     Apple makes, uses, offers to sell, sells and/or imports Apple's Accused Instrumentalities within the United States or into the United States without authority from Plaintiffs.

38.     Apple therefore infringes the patents-in-suit under 35 U.S.C. § 271(a).

39.     Apple has actual knowledge of the patents-in-suit at least from the filing of Smartflash's filing original complaint in *Smartflash LLC v. Apple Inc.*, 13-cv-447 (E.D. Tex.).

40.     Apple indirectly infringes the patents-in-suit by inducing infringement by others, such as product assemblers, resellers, app developers and publishers, digital content publishers, and end-user customers, by, for example, requiring product assemblers to import Apple's Accused Instrumentalities into the United States, by encouraging resellers to sell and offer to sell Apple's Accused Instrumentalities within the United States, by instructing and encouraging app developers and publishers and digital content publishers to sell and offer to sell digital content, applications and advertisements in the United States through Apple's Accused Instrumentalities, and by instructing end-user customers to install and use Apple's Accused Instrumentalities in the United States.

41.   Apple took the above actions intending to cause infringing acts by others.

Apple was aware of the patents-in-suit and knew that the others' actions, if taken, would constitute infringement of those patents at least because a jury has already found that Apple infringes. Alternatively, Apple believed there was a high probability that others would infringe the patents-in-suit but remained willfully blind to the infringing nature of others' actions. Apple therefore infringes the patents-in-suit under 35 U.S.C. § 271(b).

42.   Apple indirectly infringes the patents-in-suit by contributing to infringement by others, such as product assemblers, resellers, app developers and publishers, digital content publishers, and end-user customers by offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the patents-in-suit, and components of products that are used to practice one or more processes/methods covered by the claims of the patents-in-suit and that constitute a material part of the inventions claimed in the patents-in-suit. Such components are, for example, the software components responsible for purchasing of digital content or applications from iTunes, the App Store, the software components responsible for providing digital content or applications upon payment validation, the software components that provide in-application payment functionality, the software components that provide in-application advertising functionality, the software components that store payment distribution information indicating to whom payments should be made for purchased digital content or applications, and the software components that install, on a computer or server, any version of iTunes that can access iTunes Store, any version of the App Store app.

43.     In the above offering to sell and/or selling, Apple has known these components to be especially made or especially adapted for use in an infringement of the patents-in-suit and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Apple believed there was a high probability that others would infringe the patents-in-suit but remained willfully blind to the infringing nature of others' actions. Apple therefore infringes the patents-in-suit under 35 U.S.C. § 271(c).

44.     Apple's acts of infringement have caused damage to Plaintiffs. Plaintiffs are entitled to recover from Apple the damages sustained by Plaintiffs as a result of Apple's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of Apple have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

45.     Apple has committed and continues to commit acts of infringement under 35 U.S.C. § 271 with the Apple Accused Instrumentalities. In committing these acts of infringement, Apple acted despite an objectively high likelihood that its actions constituted infringement of at least one valid patent, and Apple actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable patent.

46.     Apple's infringement of the patents-in-suit has been and continues to be willful.

47.    To the extent that Apple releases any new version of Apple's Accused Instrumentalities, such instrumentalities meet the claims of the patents-in-suit and infringe 35 U.S.C. § 271(a)-(c) in ways analogous to Apple's current infringement described above.

48.    These allegations of infringement are made subject to and without waiver of any post-verdict and/or post-judgment relief in *Smartflash LLC v. Apple*, 13-cv-447 (E.D. Tex.)

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all issues so triable.

## PRAYER FOR RELIEF

1.   A judgment that the Apple has directly infringed the patents-in-suit, contributorily infringed the patents-in-suit, and induced the infringement of the patents-in-suit;

2.   A preliminary and permanent injunction preventing Apple and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and inducing the infringement of the patents-in-suit;

3.   A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to Plaintiffs its attorneys' fees incurred in prosecuting this action;

4.   A judgment and order requiring Apple to pay Plaintiffs damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed.

5.   A judgment and order requiring Apple to pay Plaintiffs the costs of this action (including all disbursements);

6.   A judgment and order requiring Apple to pay Plaintiffs pre-judgment and post-judgment interest on the damages awarded;

7.  A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that Plaintiffs be awarded a compulsory ongoing licensing fee; and

8.  Such other and further relief as the Court may deem just and proper.

Dated: February 25, 2015                    Respectfully submitted,

CALDWELL CASSADY & CURRY

Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Jason S. McManis
Texas State Bar No. 24088032
Email: jmcmanis@caldwellcc.com
CALDWELL CASSADY CURRY P.C.
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

T. John Ward
Texas State Bar No. 20848000
Email: tjw@wsfirm.com
T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Road, Suite 220
Longview, Texas 75606
Telephone:  (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFFS
SMARTFLASH LLC AND
SMARTFLASH TECHNOLOGIES
LIMITED**

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 25th day of February, 2015. Local Rule CV-5(a)(3)(A).

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell